UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER JEFFERSON | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 2:05CV00025 AGF |
| | ) | |
| MISSOURI DEPARTMENT OF | ) | |
| CORRECTIONS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court[1] on Defendants' motion for summary judgment [Doc. #48] on Plaintiff's remaining claims brought under 42 U.S.C. § 1983, which arose while Plaintiff was an inmate at Moberly Correctional Center from August to November 2004. In this Court's last order, entered January 26, 2007, Plaintiff's claims were narrowed to two: (1) that Defendant Danny Luntsford subjected Plaintiff to an alleged strip search and (2) that Defendant James Prentzler illegally read Plaintiff's legal material without Plaintiff's permission.

Thereafter, the Court gave the parties up to and including February 23, 2007, to file supplemental motions for summary judgment consistent with its Order and also allowed each party twenty days to respond to any motion. The remaining Defendants

---

[1] The parties have consented to the exercise of authority by the undersigned United States Magistrate Judge under 28 U.S.C. §636(c).

filed a supplemental motion for summary judgment on February 22, 2007. They argue they are entitled to summary judgment on Plaintiff's remaining claims because Plaintiff failed to exhaust his administrative remedies before filing suit and because the searches in question were not illegal. Plaintiff responded to Defendants' supplemental motion for summary judgment on March 22, 2007,[2] arguing that he did exhaust his administrative remedies and that Defendants' motion is generally frivolous. For the reasons set forth below, the Court grants in part and denies in part Defendants' motion for summary judgment.

**Summary Judgment Standard**

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." When ruling on a motion for summary judgment, a court is required to view the facts in the light most favorable to the non-moving party and must give that party the benefit of all reasonable inferences to be drawn from the record. Larson v. Kempker, 414 F.3d 936, 939 (8th Cir. 2005); Johnson v. Crooks, 326 F.3d 995, 1005-06 (8th Cir. 2003).

The moving party bears the burden of showing the absence of a genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). When a

---

[2] The Court recognizes Plaintiff's response was untimely, but nevertheless reviews the merits of the claim.

motion for summary judgment is made and properly supported by evidence, the non-moving party may not rest on the allegations of his pleadings but must set forth specific facts, by affidavit or other evidence, showing that there is "a genuine issue for trial." Fed. R. Civ. P. 56(e). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita Elec. Indus. Co., Ltd. v Zenith Radio Corp., 475 U.S. 574, 587 (1986).

**Exhaustion**

The Prisoner Litigation Reform Act ("PLRA") requires administrative remedies to be exhausted before a civil action is brought in federal court. 42 U.S.C. §1997e(a). In interpreting the PLRA, the Supreme Court recently said that the Act "requires prisoners to exhaust *prison* grievance procedures before filing suit." Jones v. Bock, 127 S.Ct. 910, 911 (2007)(emphasis added).

Defendants argue that they are entitled to summary judgment on Plaintiff's remaining claims because Plaintiff failed to exhaust his administrative remedies at the prison before filing suit in this Court. In support of this argument, Defendants rely solely on the February 15, 2007 Affidavit of Ronald Woodruff. In this affidavit, Woodruff certifies that Plaintiff filed no grievances concerning any unreasonable search on September 11, 2004 or concerning any allegation that his legal mail was read on October 30, 2004.

In response, Plaintiff also produces an Affidavit of Ronald Woodruff. However, this affidavit is dated November 8, 2005. In this affidavit, Woodruff certifies that a true

3

and correct copy of grievance MCC-05-48 filed by Plaintiff is attached to Woodruff's Affidavit. Attachment A to grievance MCC-05-48 lists several grievances filed by Plaintiff, including one filed on September 11, 2004 described as "verbally assaulted and threaten[ed]" and another one filed on October 30, 2004 described as "violated federal law by reading private legal documents F.B.I. contacted and report made."[3]

Although it is certainly arguable that Plaintiff has established that he exhausted his administrative remedies, the Court concludes that a genuine issue of material fact is raised by the presentation of two conflicting affidavits from the same person. Therefore, the Court declines to enter summary judgment on Plaintiff's claims on the basis of failure to exhaust administrative remedies.

**The Merits of Plaintiff's Claims**

Defendants further assert that they are entitled to summary judgment in their favor on the merits on both remaining claims. The Court notes that Plaintiff's response does not address the substance of Defendants' motion. Plaintiff's entire response to Defendants' merit-based arguments is contained within one paragraph which reads:

> Defendant's [sic] have continued in there [sic] efforts to be-little [sic] and undermine the Integrity of the proceeding §1983 claim as well as subject the Honorable Court to Fraud On the Court, with the intent to undermine

---

[3] The Court also notes that this list includes a grievance filed on October 26, 2004, as well. This grievance is described as "unreasonably searched and property seized." Although Defendants do not address this date or grievance in their motion, the Court finds this relevant since Plaintiff alleges in his complaint that Defendant Officer Prentzler violated his constitutional rights by looking at Plaintiff's law work on October 26, 2004, as well as on October 30, 2004.

4

> the Honorable Court. Plaintiff finds no other reason at the time to respond
> to the Defendant(s) [sic] Supplemental Motion for Summary Judgment due
> to the entire motion being frivolous and without merit.

The Court also notes that Plaintiff's only exhibits and/or attachments filed in conjunction with his response in opposition to Defendants' motion for summary judgment relate to the issue of exhaustion of administrative remedies.

As stated above, the standards for summary judgment are well settled. The moving party has the burden to establish both the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Anderson, 477 U.S. at 247; Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Enterprise Bank v. Magna Bank, 92 F.3d 743, 747 (8th Cir. 1996). This burden is satisfied when the movant shows that if the evidentiary record were reduced to admissible evidence at trial, it would be insufficient to permit the non-movant from carrying its burden of proof. Celotex, 477 U.S. at 322-23.

> Once the moving party has met this burden, the
>
> adverse party may not rest upon the mere allegations or denials of the
> adverse party's pleading, but the adverse party's response, by affidavits or
> as otherwise provided in this rule, must set forth specific facts showing that
> there is a genuine issue for trial. If the adverse party does not so respond,
> summary judgment, if appropriate, shall be entered against the adverse
> party.

Fed. R. Civ. P. 56(e). However, "even when [a] defendant's motion for summary judgment is not opposed by [the] plaintiff, the district court must satisfy itself that, on the record before it, [that] there are no genuine issues of material fact as to at least one of

5

[the] necessary elements of [the] plaintiff's case." Noland v. Commerce Mortg. Corp., 122 F.3d 551, 553 (8th Cir. 1997). Accordingly, the Court will consider the merits of Defendants' motion.

Defendants first assert that they are entitled to summary judgment on Plaintiff's claim that he was illegally strip searched on the prison yard by Defendant Officer Luntsford. In support of their claim that summary judgment is appropriate, Defendants present an affidavit by Officer Luntsford, wherein he states that he does not recall Plaintiff or recall any encounters with him. Luntsford further states that he has "never strip searched anyone on the prison yard" and that any "[s]trip searches, when needed, are done in a secluded area."

Plaintiff does not present any affidavit, deposition, or other exhibit which disputes Officer Luntsford's averment, and has therefore failed to present any evidence to dispute Officer Luntsford's assertion that he never strip searched Plaintiff or any other prisoner on the prison yard. Since this fact is material in proving Plaintiff's claim, summary judgment on this claim is proper.

Similarly, Defendants argue that they are entitled to summary judgment on Plaintiff's claim that his legal mail was improperly read by Defendant Officer Prentzler. In support of Defendants' motion, they provide an affidavit from Officer Prentzler wherein he states that he does not recall Plaintiff or recall any encounters with him. He further states that:

[b]ecause inmates frequently claim something is legal work when it is not,

or intermingle personal mail with legal materials, corrections officers are
permitted to verify inmate claims that something is legal mail or legal
materials. This involves flipping through the materials in question to verify
the inmate claims. When the materials are of a large volume, this process
may take several minutes.

Again, Plaintiff does not present any affidavit, deposition, or other exhibit which disputes Officer Prentzler's averment. However, the Court's review of Plaintiff's complaint reveals that Officer Prentzler's affidavit fails to refute all of the specific allegations Plaintiff makes, under oath.

In his complaint, Plaintiff claims that his constitutional rights were violated when Defendant Prentzler looked at Plaintiff's law work on October 26, 2004 and went into Plaintiff's room on October 30, 2004 and read his legal "mail." Although not obligated to do so,[4] the Court considers Plaintiff's deposition which Defendants filed as an exhibit in support of their last motion for summary judgment. In his deposition, Plaintiff describes the two incidents involving Defendant Prentzler on October 26th and 30th, 2004.[5]

With regard to the incident on October 26, 2004, Plaintiff testified as follows:

They looked at my – there was a couple of guys, but Prentzler more so
carried on the whole situation. He looked at the law work. He asked me,

---

[4] See Northwest Bank and Trust Co. v. First Illinois Nat'l. Bank, 354 F.3d 721, 725 (8th Cir. 2003) (district courts are not obliged to scour the record for the non-moving party to find genuine issues of material fact which may refute the motion for summary judgment).

[5] The Court notes that this exhibit contained only excerpts of Plaintiff's deposition - none of which contained any testimony regarding the alleged strip search. Therefore, the Court could not look to Plaintiff's deposition to dispute Officer Luntsford's affidavit with regard to the strip search claim.

> he says, you're the one with the suit, right? And I'm like yes, sir. I'm the right guy, whatever and they – and he took the work, and said let me see it and he looked at it. He was like, well, what else do you have on you? All I had was my pen, and my ID, and my folder that it was in. So, he took it out of the folder. He decided to remove the – my clip off and said, you don't need that. He took the pen nozzle and said that you don't need that. He made comments about the suit, that it would never go anywhere, you're an offender, you have no rights, blah, blah that, blah, blah, blah that and then handed me back the paperwork after he finished.

He also testified that it lasted "just a few minutes" and did not affect his ability to litigate this case. See Plaintiff's deposition, p. 81 [Doc. # 36, Exhibit # 1].

Since Plaintiff admits that this review of his materials only lasted a few minutes and has not presented any evidence to dispute that this is an appropriate jail policy, the Court concludes that Defendant Prentzler is entitled to summary judgment on Plaintiff's claim relating to the October 26, 2004 incident.

The same cannot be said of the alleged October 30, 2004 incident. In his deposition, Plaintiff testified that Officer Prentzler came into his room with another officer on October 30, 2004 and read his legal mail with regard to this lawsuit. He testified that they were there for about 45 minutes and that he was "mentally injured." He also conceded again that this did not affect his ability to litigate this case. See Plaintiff's deposition, p. 92-93 [Doc. # 36, Exhibit # 1].

After reviewing the specific allegations Plaintiff makes in his deposition, the Court finds that Defendant Prentzler's Affidavit fails to dispute the substance of Plaintiff's allegations with regard to the October 30, 2004 incident. Although Defendant Prentzler avers that he does not recall Plaintiff or recall any encounters with him, the remainder of

the affidavit refers only to his assertion that corrections officers are permitted to verify inmate claims that documents are legal materials. This is not relevant to the violations Plaintiff alleges.

In other words, Plaintiff does not describe a situation where his documents were reviewed to determine if they were legal materials. Plaintiff alleges that Defendant Prentzler came into his room and read through legal materials for 45 minutes. This would not qualify as "verifying" that documents were legal materials. Since Defendant Prentzler did not refute this specific allegation in his affidavit, a genuine issue regarding this material fact remains. Further, under the facts Plaintiff alleges and the prison policy set forth by Defendant Prentzler in his affidavit, Defendant Prentzler is not entitled to qualified immunity with regard to this claim.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' supplemental motion for summary judgment [Doc. #48-1] is **GRANTED in part** and **DENIED in part**. Defendants' motion is granted with regard to Defendant Luntsford. The motion is also granted in part with regard to Plaintiff's claim that Defendant Prentzler improperly read Plaintiff's legal materials on October 26, 2004. The motion is denied with regard to Plaintiff's claim that Defendant Prentzler improperly read Plaintiff's legal materials on October 30, 2004.

**IT IS FURTHER ORDERED** that the Court shall hold a status conference on **Tuesday, May 8, 2007**, **at 1:30 p.m.**, at which time the Court shall set a final pretrial order and schedule the case for trial.

                                                     /s/ Audrey G. Fleissig
                                                     AUDREY G. FLEISSIG
                                                     UNITED STATES MAGISTRATE JUDGE

Dated this 27th day of April, 2007.